# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:16CV1644 |
| ) | 1:11CR91-01 |
| PLAINTIFF, ) | |
| ) | JUDGE SARA LIOI |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| FRANCISCO FELIX-FELIX, ) | |
| ) | |
| DEFENDANT. ) | |

On June 27, 2016, defendant Francisco Felix-Felix ("defendant" or "Felix-Felix") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 801 ["Mot."].)[1] Felix-Felix argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

---

[1] The United States of America filed a response in opposition to the motion (Doc. No. 652) and the defendant filed a reply in support of the motion (Doc. No. 817).

On August 29, 2016, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.[2]

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 801) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: March 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On July 15, 2011, pursuant to a plea agreement, defendant pleaded guilty to Count 1 of the indictment. On December 9, 2011, defendant was sentenced by this Court to a term of imprisonment of 188 months and five years of supervised release. Defendant appealed, and this Court's judgment was affirmed by the Sixth Circuit Court of Appeals on January 23, 2013. Defendant's sentence was amended on March 4, 2014, at which time his sentence was reduced to 168 months. Defendant did not seek an appeal from the amended judgment. Defendant's motion to vacate was not filed until June 27, 2016 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).